NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERICK FURWOOD MBANWEI, | No. 19-72615 |
| Petitioner, | Agency No. A215-905-773 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2022
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Derick Furwood Mbanwei, a native and citizen of Cameroon, appeals from

the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Because one member

of the BIA summarily affirmed the IJ's decision under 8 C.F.R. § 1003.1(e)(4),

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"the IJ's decision becomes the BIA's decision" for the purposes of our review. *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we grant Mbanwei's petition.

1. Substantial evidence supports the IJ's finding that Mbanwei failed to show past persecution. "An applicant qualifies as a refugee if he 'is unable or unwilling to return to his home country because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (citing *Navas v. I.N.S.*, 217 F.3d 646, 654 (9th Cir. 2000)). "Persecution is an extreme concept and has been defined as the infliction of suffering or harm in a way regarded as offensive." *Kaur v. Wilkinson*, 986 F.3d 1216, 1222 (9th Cir. 2021) (cleaned up). Mbanwei fled Cameroon amidst civil unrest after two specific incidents: 1) he was threatened by armed separatists who broke into his home; and 2) he was detained by Cameroonian government forces for two days and subjected to deplorable prison conditions based on the mistaken belief that he was an Anglophone separatist. Threats without physical injury may constitute past persecution, and we "generally look at all of the surrounding circumstances" to determine whether the threats are sufficiently severe. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Similarly, we have found detention by government forces constitutes past persecution where the petitioner

2

was physically harmed or subjected to more extreme conditions. *Compare Bondarenko v. Holder*, 733 F.3d 899, 908-10 (9th Cir. 2013), *with Khup v. Ashcroft*, 376 F.3d 898, 903-04 (9th Cir. 2004). On this record, we cannot say the evidence *compels* the finding that Mbanwei's two incidents rise to the level of past persecution. *See Duran-Rodriguez*, 918 F.3d at 1028-29.

2.    However, the IJ's finding that Mbanwei failed to show a well-founded fear of future persecution on account of a protected ground is not supported by substantial evidence. In the absence of past persecution, an asylum applicant can demonstrate a "'subjectively genuine and objectively reasonable' fear of future persecution." *Bringas-Rodriguez*, 850 F.3d at 1062 (citing *Navas*, 217 F.3d at 654-56, 656 n.11). Mbanwei testified that he fears persecution from two groups: the Anglophone separatists, who will perceive him as a traitor or government sympathizer because he will not join their armed fight, and Cameroonian government forces, who will mistakenly believe he is a separatist because he is a young Anglophone male from the village of Batibo. Because Mbanwei testified credibly, the subjective component is established, and the only question is whether his fear of persecution is objectively reasonable. *See Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018).

In finding that Mbanwei's fear of future persecution is not well-founded, the IJ only addressed the threat of persecution by the government. The IJ did not

assess his fear of persecution by the separatists, which was a significant premise for Mbanwei's request for relief. The IJ's failure to consider this argument and the supporting evidence necessitates remand. *See Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013).

Moreover, the IJ's finding that Mbanwei did not show a well-founded fear of persecution by the government on account of an imputed political opinion— namely, his alleged association with Anglophone separatists—overlooked another part of the record. The IJ found that the record "clearly indicated that those who are targeted are the separatists," and there was "nothing in the country conditions evidence that would support a finding that someone in the respondent's circumstances would be targeted for persecution in Cameroon" because Mbanwei is not a separatist. But Mbanwei testified that when he was arrested, the government forces accused him of being a separatist after identifying that he was from Batibo. *See Khudaverdyan v. Holder*, 778 F.3d 1101, 1106-07 (9th Cir. 2015) (reasoning that police statements accusing petitioner of working against the government are evidence that the police imputed a political opinion to the petitioner). On remand, the BIA should consider whether evidence in the record corroborates that Cameroonian government forces detain, torture, or brutally harm Anglophone civilians who they *suspect* are involved with separatists, but do not confine abuses to those who are *actually* separatists. Mbanwei may also show that

4

his fear of persecution is reasonable based on persecution of those similarly situated. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182-84 (9th Cir. 2003) (showing well-founded fear of persecution based on individualized threats in conjunction with widespread persecution of the petitioner's protected group); 8 C.F.R. § 1208.13(b)(2)(iii) (allowing asylum applicants to show persecution towards similarly situated individuals). On remand, the BIA must assess whether Mbanwei has an objective basis for fear of future persecution from both the separatists and the government based on the full record. *Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013).

3. The IJ's denial of CAT relief and withholding of removal relies on the same factual findings. Therefore, we also remand these claims for reconsideration.

**PETITION GRANTED AND REMANDED.**